```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

YEZID SHABANA,

       Petitioner,

v.                                     Case No. 2:25-cv-1188-JES-DNF

KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security, PAMELA BONDI, in their official capacity as Attorney General of the United States, GARRET RIPA, in their official capacity as Director of Miami Field Office, U.S. Immigration Customs Enforcement, and DAVID HARDIN, in his official capacity as Sheriff of Glades County,

       Respondents.
_____/

## **OPINION AND ORDER**

Before the Court are Petitioner Yezid Shabana's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 9), and Shabana's reply (Doc. 10). For the following reasons, the Court dismisses the petition without prejudice because Shabana's claims are premature.

### **I. Background**

Shabana is a native of Hebron, Palestine. (Doc. 1 at 2). He entered the United States on September 4, 2023 on an F-1 student

visa to attend St. Leo University. (Doc. 9 at 2). He remained in the United States after completing his course of studies. (Id.) Respondents came into contact with Shabana while he was detained in Pasco County, Florida on criminal fraud charges. (Id.) On November 13, 2025, an immigration judge ordered Shabana removed to either Canada or Jordan. (Id.) Shabana asserts that both countries have declined to accept him or to issue travel documents. (Doc. 1 at 2). He asserts that there "is no articulable or realistic likelihood that [he] will be removed in the reasonably foreseeable future" and that his detention serves no legitimate immigration purpose. (Id. at 2-3).

## II.   Discussion

**A.   The Court has jurisdiction to consider Shabana's claim.**

Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to consider Shabana's claim. (Doc. 9 at 3-4). However, the jurisdictional bar of § 1252(g) is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.' " Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer

2

to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs., 964 F.3d 1250, 1258 (11th Cir. 2020).

Here, Shabana does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, he challenges the legality of his detention based on procedural deficiencies and under a framework devised by the Supreme Court for district courts to apply. See Zadvydas v. Davis, 533 U.S. 678, 682 (2001) (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Shabana's favor would not impair the government's ability to execute the removal order, and § 1252(g) does not strip the Court of jurisdiction over this action.

**B.   Shabana's claim is premature.**

Under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a), "when an alien is ordered removed," the Attorney General "shall" remove him within ninety days. 8 U.S.C. § 1231(a)(1)(A). Detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2). This removal period begins to run on the latest of several triggering events, but as relevant here, on "[t]he date

the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B).

Shabana asserts that his removal order became final on November 13, 2025. (Doc. 1 at 2). Thus, he was still within the mandatory detention period when he filed his petition on December 18, 2025, and he must be detained under § 1231(a)(2) until February 11, 2026.

Moreover, detention may continue after the removal period, although not indefinitely. In Zadvydas, the Supreme Court held that, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely that Congress "believed that all reasonably foreseeable removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. at 701. If, after 180 days of detention, the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must provide evidence rebutting that showing or release him. Id.

4

Shabana has not been detained for more than 180 days following the beginning of the statutory removal period. Thus, this claim is precluded by the plain language of the detention statute and by Zadvydas. See also Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002)("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas.").

### III. Conclusion

As Shabana's due process claim for prolonged detention is premature, his petition must be dismissed without prejudice. Should his detention continue past Zadvydos's presumptively reasonable detention period he may, of course, refile his petition.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice.**
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on January 29, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5